IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DEREK A. DYRENFORTH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 21-1132-JWB-GEB |
| | ) |
| **TRACI L. HALL,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## ORDER

This matter is before the Court *sua sponte* as it considers the scheduling of this matter under Fed. R. Civ. P. 16(b). This case is based upon emotionally-charged circumstances, wherein Defendant Traci L. Hall previously accused Plaintiff Derek A. Dyrenforth of sexual assault, and Plaintiff now sues Defendant for defamation, violations of his right to privacy, and outrageous conduct causing severe emotional distress. (Compl., ECF No. 1.) In lieu of filing an answer, Defendant filed a motion to dismiss the Complaint in its entirety, claiming Plaintiff's allegations are insufficient to support his claims, and seeking to strike Plaintiff's claims under Kansas' Public Speech Protection Act. (Motion, ECF No. 9.)

After the filing of the dispositive motion, the undersigned held a status conference on October 27, 2021, to discuss the scheduling of this matter. In pre-conference submissions and during the status conference, Defendant requested that the Court stay discovery pending resolution of the outstanding Rule 12 dispositive motion. During the

conference, the undersigned ordered the parties to exchange Fed. R. Civ. P. 26(a)(1) disclosures, as well as the documents identified therein. (Order, ECF No. 21.) A copy of the disclosures was sent to the undersigned.

On review of the disclosures, and for the reasons stated below, the Court finds further scheduling and discovery in this case shall be briefly stayed in light of the informal exchanges completed and the Rule 12 motion now on file.

While courts generally do not favor stays pending resolution of dispositive motions, there is discretion to do so.[1] In particular, courts "may exercise the power to stay to provide economy of time and effort for itself and for counsel and litigants appearing before the court."[2] And, "it is appropriate for a court to stay discovery until a pending dispositive motion is decided . . . where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful" and burdensome.[3]

Applying the above standard to the case at hand, the Court believes a short stay of scheduling and discovery pending resolution of the motion to dismiss for failure to state a

---

[1] *Klaasen v. Univ. of Kansas Sch. of Med.*, No. 13-2561-DCC, 2014 WL 12586790, at *1 (D. Kan. Aug. 13, 2014) ("The power to stay discovery is firmly vested in the sound discretion of the trial court.") (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990)); *Coffman v. Hutchinson Cmty. Coll.*, No. 17-4070-SAC-GEB, 2018 WL 994707, at *2 (D. Kan. Feb. 21, 2018) ("A decision on whether to stay litigation is within the Court's inherent power to control its docket and rests in its sound discretion.").

[2] *Klaasen*, 2014 WL 12586790, at *1 (quoting *Universal Premium Acceptance Corp. v. Oxford Bank & Trust*, No. 02-2448-KHV, 2002 WL 31898217, at *1 (D. Kan. Dec. 10, 2002) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

[3] *Schamp v. Shelton*, No. 06-4051-SAC, 2006 WL 1895454, at *1 (D. Kan. July 7, 2006) (quoting *Wolf v. United States,* 157 F.R.D. 494, 494–95 (D. Kan. 1994)).

claim is appropriate and practical. Because the motion seeks dismissal of Plaintiff's Amended Complaint in its entirety, it has the potential to completely dispose of Plaintiff's claims or to narrow the issues remaining for discovery.

By imposing a stay now, after the informal exchange of information but before in-depth discovery activities have truly begun, the Court can prevent any waste of the parties' resources from the conduct of discovery on any aspect of the case that does not survive the pending dispositive motion. The Court finds a stay of scheduling and discovery pending resolution of the pending motion to dismiss will not prejudice any party, particularly after the initial exchange of information; will allow the parties to have knowledge of what, if any, claims remain prior to expending resources on discovery; and is appropriate and economical in this instance.

However, this short stay will not be indeterminate in duration. This matter is set for a **status conference** on **Wednesday, February 23, 2022 at 10:00 a.m. by telephone**. In the event the dispositive motion is resolved prior to that date and claims survive, the Court will promptly enter an initial order setting this matter for expedited planning and scheduling.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 3rd day of December 2021.

s/ Gwynne E. Birzer  
GWYNNE E. BIRZER  
United States Magistrate
