IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEREK A. DYRENFORTH,

          Plaintiff,

v.                                             Case No.  21-1132-JWB

TRACI L. HALL,

          Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's response to this court's show cause order. (Doc. 26.)  For the reasons set forth herein, this matter is dismissed for lack of subject matter jurisdiction.

**I.     Summary of Facts Relevant to Subject Matter Jurisdiction and Procedural History**

The claims in this action are brought under Kansas state law.  The following is a summary of the facts in the complaint.

Plaintiff Derek Dyrenforth brings claims of defamation, right to privacy, and outrageous conduct causing severe emotional distress against Defendant Traci Hall.  Plaintiff is a United States citizen who currently resides in Japan, working as a teacher with a renewable annual contract. Prior to his move to Japan, Plaintiff lived in California.  Although the complaint does not provide the exact dates of Plaintiff's contract, Plaintiff alleges that his "residence visa" is renewed when his employment contract is renewed.  (Doc. 1 ¶ 18.)  Plaintiff has "been residing in Japan since" April 2015.  (*Id.*)  Defendant Traci Hall is domiciled in Kansas.  (*Id.* at ¶ 2.)  According to Plaintiff, on July 1, 2020, Defendant made false and derogatory statements on a public website about

1

Plaintiff concerning a sexual encounter that occurred in 2014.  These statements allegedly resulted in harm to Plaintiff's personal and professional reputation.  According to Plaintiff, the public statements caused him to lose a job as a host and commentator for gaming tournaments in Japan, South Korea, and Singapore.  (*Id.* ¶¶ 30-32.)   Plaintiff filed this action against Defendant on May 19, 2021, and seeks damages in excess of $75,000.

Plaintiff alleges that this court has jurisdiction over the matter under 28 U.S.C. § 1332(a), but failed to identify the applicable subsection.  Plaintiff also submitted a civil cover sheet which is required under this court's rules.  (Doc. 2.)  The civil cover sheet states that Defendant is a citizen of this state and Plaintiff is a citizen or subject of a foreign country.  After review of the complaint and cover sheet, this court ordered Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction because a United States citizen who is domiciled abroad is stateless and cannot bring a claim based on diversity under § 1332(a)(1) or (2).  *Jones v. Dalrymple*, 679 F. App'x 668, 669 (10th Cir. 2017) (quoting *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 828–29 (1989)).

Plaintiff has now responded to the show cause order.  The court finds that Plaintiff's response is insufficient to establish that this court has subject matter jurisdiction over this action.

## II.  Analysis

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction.  *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).  Plaintiff has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction.  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  "Courts have an independent obligation

to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

In his complaint, Plaintiff alleges that he is a United States citizen but resides in Japan. Plaintiff does not allege that he is a citizen of a State within the United States.  Plaintiff checked the box on the civil cover sheet indicating that he is a "citizen or subject of a foreign country." (Doc. 2.)  As such, it appears that Plaintiff is asserting jurisdiction under 28 U.S.C. § 1332(a)(2). As discussed in this court's show cause order, a United States citizen who is domiciled in a foreign country is "not a 'citizen[ ] or subject[ ] of a foreign state,' but is stateless and unable to assert jurisdiction under 28 U.S.C. § 1332(a)(2) or § 1332(a)(1)." *Jones*, 679 F. App'x at 669.  "What this means here is that stateless citizens—because they are not (by definition) a citizen of a state, as § 1332(a) requires—destroy complete diversity just as much as a defendant who shares citizenship with a plaintiff." *Page v. Democratic Nat'l Comm.*, 2 F. 4th 630, 636 (7th Cir. 2021), *cert. denied*, No. 21-755, 2022 WL 89383 (U.S. Jan. 10, 2022).  A United States citizen living abroad cannot utilize § 1332(a)(2) as a basis for diversity jurisdiction unless he has relinquished his "United States citizenship and is now a citizen or subject of a foreign country." *Jones*, 679 F. App'x at 670.

As the court discussed in its show cause order, because Plaintiff is a United States citizen, Plaintiff can only bring this action if "his  domicile – at the time the complaint was filed – was California."  (Doc. 25 at 3.)  The court determined that the allegations in the complaint and representations in the civil cover sheet supported a finding that Plaintiff's domicile was Japan at the time he filed suit and, therefore, the action was subject to dismissal for lack of subject matter jurisdiction.

Plaintiff has now responded to the show cause order.  Although not explicitly stating as such, it appears that Plaintiff continues to rely on § 1332(a)(2) as the basis for the court's jurisdiction because he recites the statutory requirements and then asserts that while he "is in Japan he is subject to the foreign state of Japan and therefore a subject of Japan." (Doc. 26 at 3.)  Plaintiff, however, fails to respond to the authority cited by this court which provides that Plaintiff cannot bring an action under § 1332(a)(2) or (a)(1) as he is a stateless citizen when domiciled abroad.

Plaintiff also asserts that he is a "resident of California," but provides no further argument or explanation.  *See also Siloam Springs Hotel, L.L.C. v. Century Sur. Co*., 781 F.3d 1233, 1238 (10th Cir. 2015) (finding that residence is not equivalent to domicile and that it is insufficient for conferring jurisdiction).  For example, he does not contend in his response brief that he is domiciled in California nor does he provide any facts or circumstances that would support a finding that he was domiciled in California at the time of filing.  (Doc. 26 at 3.)  *See Yusuf v. Stevens*, No. 21-2313-SAC-JPO, 2021 WL 4772958, at *1 (D. Kan. Oct. 13, 2021) (discussing circumstances supporting a finding of a party's domicile).  Therefore, his allegation of residency without further factual circumstances provides no basis for jurisdiction.

Finally, Plaintiff "requests leave to correct the defect" if the court determines he "has committed a technical defect." (Doc. 26 at 2.)  Plaintiff was provided an opportunity to show the court that it had subject matter jurisdiction and he failed to do so.  Plaintiff's continued position, that this court has jurisdiction under § 1332(a)(2), is incorrect based on Plaintiff's status as a United States citizen domiciled abroad.  Therefore, amendment is futile as Plaintiff has not provided the court with a basis for jurisdiction nor has he offered any explanation as to how he could cure the jurisdictional defect.

### III.    Conclusion

The court finds that Plaintiff has failed to allege jurisdictional facts supporting the presence of subject matter jurisdiction.  This action is therefore DISMISSED, without prejudice, for lack of subject matter jurisdiction.  Defendant's motion to dismiss pursuant to Rule 12(b)(6) (Doc. 9) is MOOT.

IT IS SO ORDERED.  Dated this 14th day of March, 2022.

___s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE